UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA

v. 6:09-cr-48

RHETT MATTHEW SIKES

## ORDER

### I. INTRODUCTION

Before the Court is Defendant Rhett Matthew Sikes's ("Sikes") "Motion for Court's Resolution, due to Government's Breach of Agreement." *See* Doc. 1024.

### II. BACKGROUND

A federal grand jury indicted Sikes for conspiracy to distribute fifty grams or more of cocaine base, five kilograms or more of cocaine hydrochloride, 1000 kilograms or more of marijuana, and ecstasy in violation of 21 U.S.C. § 846. *See* Doc. 477. Sikes pled guilty to the lesser-included offense of conspiracy to distribute unspecified quantities of the controlled substances. *See* Docs. 604; 804.

A probation officer prepared a presentence investigation report as required by 18 U.S.C. § 3552 and Federal Rule of Criminal Procedure 32. A defendant's recommended sentence under the advisory guidelines is the product of his total offense level and criminal history. *See* U.S.S.G. § 1B1.1. Sikes's base offense level increased from 26 to 32 because he qualified as a career offender under U.S.S.G. § 4B1.1. With a total offense level of 29 and a criminal history of VI, Sikes's range of imprisonment under the guidelines was 151 to 188 months.

On September 16, 2010, this Court sentenced Sikes to 135 months imprisonment. *See* Doc. 796. In imposing this sentence, the Court departed below the applicable advisory guideline range for imprisonment based on a motion for downward departure filed by the Government pursuant to U.S.S.G. § 5K1.1. Sikes did not appeal.

On January 24, 2011, this Court granted the Government's Rule 35(b) motion and reduced Sikes's sentence to 129 months. *See* Doc. 916. On April 9, 2012, this Court denied Sikes's motion to correct his sentence. *See* Doc. 1014; *see also* Doc. 1009. Sikes filed the present motion on June 14, 2012. *See* Doc. 1024.

### III. ANALYSIS

Sikes argues that the Government breached his plea agreement, in which the Government promised to "[n]ot seek any sentencing enhancements pursuant to 21 U.S.C. § 851." *See id.* at 3; Doc. 804 at 3.

A defendant who commits a controlled substance offense is subject to a specified maximum prison term. If the defendant commits such an offense after a prior conviction for a felony drug offense has become final, the maximum prison term increases. *See* 21 U.S.C. § 841. The increased penalties apply only if the Government timely files an Information pursuant to 21 U.S.C. § 851.

Here, Sikes pled guilty to conspiracy to distribute unspecified quantities of controlled substances. He faced a maximum

prison term of twenty years. If the Government had filed a § 851 Information showing that Sikes had a prior felony drug conviction, his maximum sentence would have increased to thirty years. *See* 21 U.S.C. § 841(b)(1)(C).

Yet, the Government did not file a § 851 Information. The probation officer correctly indicated that Sikes's maximum prison term was twenty years, and this Court adopted the presentence investigation report without revision. *See* Doc. 796. Because the Government did not file a § 851 Information to increase Sikes's maximum prison term, the Government did not breach the plea agreement.

Sikes also argues that the Government breached the plea agreement when the probation officer classified him as a career offender and increased his offense level pursuant to U.S.S.G. § 4B1.1. *See* Doc. 1024 at 4.

First, the Government did not promise that it would not seek a career offender designation. Section 851 is separate and distinct from the career offender designation. *Cf. Young v. United States*, 936 F.2d 533, 536 (11th Cir. 1991) ("[T]he Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range."). The Government retained the right "to bring all sentencing facts to the attention" of this Court. *See* Doc. 804 at 8.

Second, the probation officer, not the Government, sought to classify Sikes as a career offender. The Government had no control over the probation officer's decision to classify Sikes as a career offender. Accordingly, the plea agreement informed Sikes that the probation office would prepare a presentence investigation report in which it would consider all of Sikes's conduct related to the offense and that the Court would consider the report in determining Sikes's sentence. *See* Doc. 804 at 8-9. Moreover, the agreement stated: "The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney." *See id.* at 9.

In conclusion, the probation officer's classification of Sikes as a career offender did not breach the plea agreement provision forbidding the Government from seeking a § 851 enhancement. Sikes's motion is ***DENIED***.

IV. CONCLUSION

Sikes's "Motion for Court's Resolution, due to Government's Breach of Agreement," *see* Doc. 1024, is ***DENIED***.

This 20th day of June 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA