# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

LAWRENCE HUGH )
McCULLOUGH, JR., )
  )
   Movant, )
  )
v. ) Case No. CV611-125
  ) CR609-048
UNITED STATES OF AMERICA, )
  )
   Respondent. )

## REPORT AND RECOMMENDATION

Lawrence Hugh McCullough, Jr. has filed a 28 U.S.C. § 2255 motion. CR609-048, doc. 969.¹ The government moves to dismiss it. Doc. 993. The motion should be granted.

## I. BACKROUND

McCullough was indicted on drug and firearm charges. Doc. 1. A superseding indictment sought forfeiture of his assets. Doc. 477. He retained John Kendall Gross as counsel, doc. 104, and later pled guilty to reduced charges pursuant to a plea agreement in which McCullough

---

¹ All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number the Court's electronic filing system assigns in the upper right hand corner of each page.

waived his right to appeal and collaterally attack his conviction and sentence (including the forfeiture of his assets) "on any ground." Doc. 806 at 9.

In exchange, the government dismissed some counts. *Id.* The district judge accepted the plea. Docs. 650, 651 & 895. McCullough reaped reduced sentencing exposure as part of the deal, and the government, upon his substantial assistance, filed a 5K1.1 motion for downward departure. Doc. 888. This resulted in a 192-month sentence. Doc. 895. McCullough took no appeal.

## II. ANALYSIS

McCullough says Gross provided him with ineffective assistance of counsel (IAC). In Ground One he faults Gross for failing to object to purported discrepancies between his plea agreement, the PSI, and the consent order of forfeiture. Doc. 969 at 4. In Ground Two he claims Gross coerced him into signing the plea. *Id.* Ground Three faults Gross for failing to object to the Court holding him accountable for crack cocaine. *Id.* Ground Four cites him for failing to object to the enhancement in his sentence for a leadership role. *Id.* at 5. And in

Ground Five movant says Gross was ineffective because he failed to object to a two-point increase in his criminal history category. *Id.* at 6.

In one of his briefs McCullough adds onto Ground One, further faulting Gross for not objecting to the sentence's inclusion of a forfeiture count (for McCullough's "2002 Cadillac Escalade") -- this caused the government, he contends, "to breach the plea agreement by seizing property not included in the Plea Agreement, nor the Court's Consent Order."[2] Doc. 1002 at 2; *see also* doc. 946 at 2. He further insists that because the government promised to seize only those assets listed in his plea agreement, it breached the agreement by seizing his Cadillac, so now his waiver is neutralized per cases like *Rankin v. United States*, (5th Cir. 2001), and *United States v. Gonzales*, 309 F.3d 9882, 886 (5th Cir. 2002). Doc. 970 at 9-14; doc. 1002 at 2-3.

---

[2] "A defendant may appeal his sentence based on an alleged plea agreement breach even if the plea agreement contains a sentence appeal waiver." *United States v. Wilson*, 445 F. App'x. 203, 206 (11th Cir. 2011). As the *Wilson* panel explained:

> The first step in determining whether the government breached a plea agreement is to determine the scope of the government's promises. In so doing, we applied an objective standard to determine "whether the government's actions were inconsistent with what the defendant reasonably understood when he" pleaded guilty.

*Id.* (quotes, cites, and alterations omitted).

Cognizant that he waived both his right to direct appeal and collateral review, McCullough seeks to escape the double waiver by arguing that his guilty plea was invalid, hence his ground two allegation that Gross coerced him into signing the plea agreement. *Id.* at 4. Elsewhere he argues that his plea was not knowing and voluntary because he entered it *on the understanding* that his attorney would challenge the leadership role enhancement at the appropriate time. Doc. 970 at 15-18; *see also* doc. 1002 at 5-6 (later brief).[3] Finally, he insists he did not waive his right to seek § 2255 relief "from the manner in which the sentence was determined." Doc. 970 at 9, 19, 22-23, 29.

All of McCullough's claims are without merit. First, his plea agreement provides that:

> [t]o the maximum extent permitted by federal law, [McCullough] voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, *on any ground*, except that: [he] may file a direct appeal of his sentence if it exceeds the statutory maximum; and [he] may file a direct appeal of his sentence if, by variance or

---

[3] The Court rejects this argument out of hand because it is just plain nonsense -- every movant can claim he did not "understand" that his attorney would in some way fail to raise a particular objection or claim, and that this rendered his earlier plea "involuntary." By that logic, anyone can fail to "understand" why their life's expectations have not been met would be entitled to undo the otherwise binding agreements that they make. McCullough plies pure wordplay here, nothing more.

upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 806 at 9 (emphasis added).[4]

Second, it is undisputed that his sentence did not exceed the statutory maximum or is "higher than the advisory sentencing guideline range as found by the sentencing court." McCullough is thus stuck with

---

[4] Similar waivers have been upheld on appeal. *See, e.g., United States v. Orozco-Picazo*, 391 F. App'x 761, 769 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to conspiracy to distribute cocaine and possession of firearm in furtherance of drug trafficking crime precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines); *Angarita v. United States*, 2010 WL 2872737 at * 2 (S.D. Fla. Jul. 20, 2010) (upholding substantively similar waiver). To that end,

> [a]n appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.

*Warren v. United States*, 2011 WL 5593183 at * 5 (M.D. Ala. Oct. 26, 2011). Some courts apply a "miscarriage of justice" exception. *United States v. Ruiz-Gonzalez*, 427 F. App'x. 22, 25 (1st Cir. 2011) ("However, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a 'miscarriage of justice.") (quotes and cite omitted); 9 FED. PROC., L. ED. § 22:969 (Jun. 2012) (footnotes omitted) ("An illegal sentence may constitute a miscarriage of justice, so as to support not enforcing the defendant's waiver in a plea agreement of the right to appeal."); ANN., *Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement*, 89 ALR 3D 864 § 3.4 (collecting cases). McCullough does not raise this exception.

5

his bargain. The Court rejects his "manner in which the sentence was determined" argument because it proceeds on an obviously false premise -- that his waiver had to have expressly detailed all the ways in which sentencing-hearing flaws could arise. Because it didn't, his logic goes, McCullough is now free to cite any one them (e.g, the improper "manner" in which his sentence was determined) to try and neutralize the waiver and thus reap a full collateral review of his claims.

The flaw in that argument is that it ignores the fact that "on any ground" means exactly that: on *any* ground. *See, e.g., United States v. Whitney*, 2012 WL 1972809 at * 1 (7th Cir. Jun. 4, 2012) (upholding "on any ground" appellate waiver); *United States v. Johnson*, 2012 WL 1634256 at *1 (4th Cir. May 10, 2012) (upholding waiver of right to appeal "the conviction and any sentence within the statutory maximum" on "any ground whatsoever."). It is true that other cases have included the "manner-in-which-the-sentence-was-determined" language in appellate/collateral waivers upheld on appeal. *See e.g., United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011). But that does not mean that the instant agreement's failure to provide examples of "on any ground" (e.g., "the manner in which the sentence was determined")

6

derails its waiver component. To conclude otherwise is to elevate semantics over reality. And the government correctly notes that McCullough's cases are easily distinguishable. Doc. 993 at 9-11.

Note that there do exist ways to escape a waiver like McCullough's. They include a material breach by the government, or if the defendant pled guilty involuntarily. *Sakellarion*, 649 F.3d at 639; Ann., 89 ALR 3d 864 § 3.3 (collecting cases). But McCullough has shown neither. The guilty-plea transcript shows that the district judge fully explained, and McCullough fully understood, what he was giving up here in exchange for the reduced sentence exposure. Doc. 978 at 41-43. Example:

> Q: Let me dwell on it just a minute. I am not bound by the guidelines. But if I sentence you within the guidelines, then you may not appeal to another court. If I go beyond the guidelines as calculated and approved by the Court, you may appeal. That doesn't mean that you will win the appeal, but at least you can ask another court to review it. Or, if the government appeals, you may appeal also. Or if I were to do something bizarre and sentence you in excess of what the law requires if I accept your plea, then, of course, you may appeal.
>
> But in none of these circumstances may you attack collaterally, or sue your lawyer, *or say the lawyer was insufficient*, or that somebody denied you some right in the investigation and prosecution of the case.

*Id.* at 42-43 (emphasis added). McCullough indicated he understood. *Id.* at 43. And the remainder of his sworn Fed. R. Civ. P. 11 responses show

7

that he freely and voluntarily traded the double-waiver for reduced sentence exposure. In those responses he affirmed that he had read and reviewed the indictment, the plea agreement, the waiver, the consequences of the waiver, the rights he was giving up, the sentencing-range risk, and the PSI. Doc. 978 at 14-48. He also affirmed that *no one had forced or pressured him* and that he pled guilty freely and voluntarily. *Id.* at 19, 27, 44, 58-51, 52.[5]

It follows that grounds one, three, four and five of McCullough's § 2255 motion -- where he basically claims his lawyer's sentencing phase performance was insufficient -- are barred by his collateral waiver. Allowing a movant to attack his sentence after executing a knowing and voluntary appeal and collateral-appeal waiver "would permit a defendant to circumvent the terms of the . . . waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the

---

[5] Such "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74. The Rule 11 procedure here in fact was careful and detailed, amply supporting this Court's finding that the collateral attack waiver is valid and that McCullough's contrary claim here is simply false. *See id.*; *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir.1986) ("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.") (citing *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)); *Kazas v. United States*, 2012 WL 2191278 at * 3 (S.D. Ga. May 24, 2012).

8

waiver meaningless." *Williams*, 396 F.3d at 1342; *Bellamy v. United States*, 2012 WL 1415469 at * 1 (M.D. Fla. Apr. 24, 2012).

And ground two -- that Gross "coerced" him into signing his guilty plea agreement -- is neutralized by McCullough's sworn Rule 11 response that he in fact was not coerced. It may be that Gross failed to do something that he promised to do -- object in some particular way during the sentencing hearing -- but movant gave up his right to complain about that when he struck his plea bargain, and here he must keep it.

Finally, McCullough's government-breach argument (that the government took more than it promised to take on his forfeiture deal) is something that he could have raised on direct appeal. A § 2255 motion may not be used as a "surrogate" for the missed direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *see Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). This claim thus fails on these grounds alone.

It also fails because McCullough has fully litigated this government-breach issue before. Doc. 934 (moving to "dismiss" forfeiture claim); doc. 936 (government's response explaining that there had been no breach because the Cadillac had been administratively

9

forfeited -- with notice to McCullough -- *before* the plea agreement); doc. 946 (Court ruling finding no breach), *appeal dismissed*, doc. 955. It is thus barred by the law of the case doctrine. *Pepper v. United States*, ___ U.S. ___, 131 S. Ct. 1229, 1250-51 (2011) ("Law of the case doctrine" posits that, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case); *United States v. Gonzalez*, 462 F. App'x 873, 875 (11th Cir. 2012); *see generally* 16A FED. PROC., L. ED. § 41:128 (June 2012).

## III. CONCLUSION

The Court **GRANTS** McCullough's motion to supplement his § 2255 motion (doc. 983) and to file an excess-page brief. Doc. 971. But the government's Motion to Dismiss (doc. 993) should be **GRANTED** and thus, McCullough's § 2255 motion (doc. 969) should be **DENIED**. The Clerk, in turn, should **CLOSE** CV611-125.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1);

see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 31st day of July, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**