UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,

v.  6:09-cr-48-18

ROBERT ROCK,

Defendant.

## ORDER

Before the Court is Robert Rock's Motion Pursuant to Rule 60(b)(6) to Correct and Amend the PSR. ECF No. 1050. Rock seeks to have information on his drug and alcohol addictions added to his presentence investigation report ("PSI") so he qualifies for a prison drug rehabilitation program. *See id.* at 1. But Rock utilizes the wrong procedural vehicle for such a request. His motion must be **DENIED**.

Rock filed his motion pursuant to Federal Rule of *Civil* Procedure 60(b)(6). Unfortunately for Rock, Rule 60 "does not provide relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). It also "cannot be used to challenge a sentence." *United States v. Zuluaga*, 192 F. App'x 944, 945 (11th Cir. 2006) (citing *Mosavi*, 138 F.3d at 1366). Although Rock seeks a change in his PSI, not to his sentence or judgment, at bottom he attempts to use a civil procedure tool to fix an alleged criminal proceeding defect. That dog simply will not hunt.

Nevertheless, "[f]ederal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

To the extent Rock challenges the Bureau of Prisons's execution of his sentence, this motion is properly cognizable under 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). If this motion is so construed, however, Rock should have filed it in the district of his confinement. *See* 28 U.S.C. § 2241(a). He also would be subject to administrative exhaustion requirements, which Rock has made no showing of. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) ("[P]risoners seeking . . . relief pursuant to § 2241[] are subject to administrative exhaustion requirements.").

But rather than construe this motion as a habeas petition, the Court chooses instead to **DENY** the motion and give Rock a chance to pursue the administrative relief with the Bureau of Prisons he should have sought before turning to the Court.

This 17 day of April 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA